■ PHILIP LE VINE, Respondent, v. ARNOLD REUBEN et al., Appellants, et al., Defendants.— Appeal by defendants Reuben from three orders of the Supreme Court, Nassau County, two dated November 14, 1968 and one dated December 4, 1968. (1) Order of November 14, 1968, which denied the motion of defendants Reuben for a bill of particulars, reversed, on the law and the facts, without costs, and motion granted. The bill of particulars shall be served within 10 days after entry of the order hereon. If plaintiff is unable to furnish, or has no knowledge with respect to, a particular item, he shall so state. In such event, plaintiff shall furnish the particulars requested with respect to such item in a further bill of particulars to be served within two days after completion of the pretrial examinations directed in the order dated December 4, 1968; except that, if plaintiff is still unable to furnish such particulars at that time, he shall so state in such further bill of particulars. While we agree with the Special Term's criticism of appellants' lack of diligence in requesting a bill of particulars, we are nevertheless of the opinion that, on balance, and under all the facts and circumstances adduced, the interests of justice would best be served and it would be more in keeping with the provident exercise of discretion to require plaintiff to afford to appellants such enlightenment as they now seek and as plaintiff can furnish with respect to his claims. (2) Order of November 14, 1968, which denied the motion of defendants Reuben to (a) vacate plaintiff's note of issue and statement of readiness and (b) strike the case from the calendar, affirmed, without costs. No opinion. The time of defendants Reuben to file a jury demand, if they be so advised, is hereby extended so as to permit same to be filed within 10 days after entry of the order hereon. (3) Order of December 4, 1968, affirmed, without costs. No opinion. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

■ VICTOR LIOTTA, Appellant, et al., Plaintiffs, v. ALBERT McQUEEN, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff Victor Liotta appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered April 2, 1968 after a nonjury trial, as limited his recovery to $1,250 plus costs and disbursements. Judgment affirmed insofar as appealed from, with costs. In our opinion, the trier of the facts was warranted in not adopting the opinion of appellant's medical expert as controlling in the case. Considering all the proof elicited upon the trial, the court (sitting without a jury) was free to reject the testimony of appellant's physician both as to the extent of appellant's 1963 injury and the causal relationship between that injury and the March, 1965, accident as unsupported by a preponderance of the credible evidence. Although respondent offered no medical evidence to contradict appellant's claims, the facts of the case raise great doubt as to the truthfulness and accuracy of appellant's own proof. Nor can we say, as a matter of law, that the verdict is inadequate. Brennan, Rabin, Benjamin and Martuscello, JJ., concur; Christ, Acting P. J., not voting.

■ JEANNE L. LOBO, Respondent, v. EVART LOBO, Appellant.— Order of the Supreme Court, Kings County, dated June 4, 1968, modified, on the law and the facts, by amending the date for commencement of temporary alimony payments from April 1, 1968 to May 7, 1968. As so modified, order affirmed insofar as appealed from, without costs. The order improperly antedated the payment of temporary alimony to a date prior to the service of the notice of motion (*Miceli* v. *Miceli*, 285 App. Div. 1187). The action should proceed to trial promptly. Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.